UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE ANNETTE PALMER, ET AL., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 3: 05-CV-1422-B ECF |
| SAFETY-KLEEN SYSTEMS, INC., ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

In this case, Plaintiffs filed suit against Defendants in the 298th Judicial District Court for Dallas County, Texas on December 27, 2004. Defendant Radiator Specialty Company removed the case to this Court on July 18, 2005 on the basis of federal question jurisdiction, arguing that, unlike all the other claims in the case, Plaintiffs' claims against Radiator Specialty were governed by federal law. After the Court ordered Radiator Specialty to demonstrate that this Court had subject matter jurisdiction, Plaintiffs and Radiator Specialty announced that they had reached a settlement. The Court then put the remaining parties on notice that it intended to exercise its discretion under 28 U.S.C. § 1367(c) and remand the case once Radiator Specialty was dismissed. The Court gave the parties until December 9, 2005 to file any objections to such action. To date, the Court has not received any objections, and Radiator Specialty has been dismissed from the case.

Section 1367 of Title 28 of the United States Code gives courts the discretion to decline to exercise supplemental jurisdiction over state law claims when the court has dismissed all the claims over which it had original jurisdiction. In exercising its discretion, courts are to consider such factors

as judicial economy, convenience, fairness, and comity. *Williams v. Wilson*, 939 F. Supp. 543, 550 (W.D. Tex. 1995). According to the Supreme Court, when a single federal claim is eliminated at an early stage of the litigation, the district court has a "powerful reason" to choose not to exercise jurisdiction over the remaining claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

Here, only the claims against Radiator Specialty arguably created subject matter jurisdiction, and those claims have been dismissed, leaving only Texas state law claims. This case is also still in the early stages. A Scheduling Order has been entered, but no other substantive action has been taken at the federal level. The Court finds that the remaining claims in this case should addressed by Texas state courts, and accordingly chooses to exercise its discretion and remand the case.

Therefore, pursuant to 28 U.S.C. § 1367(c), the Court **REMANDS** the remaining claims in this case to the 298th Judicial District Court for Dallas County, Texas, because the Court has dismissed all the claims over which it might have had subject matter jurisdiction.

    **SO ORDERED.**

    SIGNED December   30th  , 2005

                                            JANE J. BOYLE
                                            UNITED STATES DISTRICT JUDGE